IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROMETRIX CORPORATION, d/b/a TRUCKEE PRECISION, INC., a Nevada Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SIERRA NEVADA GAMING, INC., a California Corporation<br><br>    Defendant. | No. Civ. 05-1458 DFL KJM<br><br>MEMORANDUM OF OPINION AND ORDER |

Plaintiff Prometrix Corporation, d/b/a Truckee Precision, Inc. ("Truckee") seeks a Writ of Attachment.  The court heard oral argument on the motion on October 5, 2005.  At the hearing, the court expressed the tentative opinion that the motion for a writ should be denied because of numerous factual disputes. However, upon further review of the record, prompted by the argument of counsel at the hearing, the court now grants Truckee's Application for a Right to Attach Order and for Writ of Attachment for the sum of $192,961.92.

I.

1

Plaintiff Truckee manufactures custom parts for slot machines. (Compl. ¶ 5.)  Defendant Sierra is the exclusive gaming distributor for Truckee's parts. (Borelli Aff. ¶ 8.)  In June 2004, Truckee and Sierra orally agreed that Truckee would sell its slot machine parts to Sierra and Sierra would sell the manufactured slot machines to third party buyers. (Id. ¶ 9.) Truckee alleges that it shipped parts to Sierra, but Sierra has not paid the $286,201.92 balance due on these orders. (Compl. ¶ 6.)  Truckee has sued Sierra for $286,201.92 on three theories: (1) breach of contract; (2) quantum valebant; and (3) damages on account stated.

In response to Truckee's claims, Sierra argues that Truckee supplied defective slot machine parts which failed to meet industry standards. (Answer to Compl. at 3.)  Sierra claims that it sold approximately 190 slot machines with Truckee's parts to Maxima Worldwide Gaming Corporation ("Maxima"). (Borelli Aff. ¶ 11.)  Because the first fifteen machines were defective, Truckee agreed to replace them for free. (Id.)  The remaining machines were also defective and Maxima's customer returned them. (Id.) Sierra invoiced Maxima $193,240 for all 190 machines.  However, Maxima has only agreed to pay Sierra $100,000 because of the defects. (Id.)

In addition, Sierra claims that Truckee owes it $900,000. Sierra alleges that it orally contracted with Truckee to purchase only Truckee's machines and to market those machines to customers worldwide. (Answer to Compl. at 3.)  In exchange, Truckee

2

allegedly agreed to pay $75,000 per month for a year but has failed to do so. (Id.)

Sierra argues that the maximum it could owe Truckee is $175,755.47 because: (1) Sierra has paid $493,900.00 of the $669,655.47 Truckee has charged it; and (2) Sierra has issued a credit memo to Truckee for $31,840.00. (Id. ¶ 12.) However, Sierra argues that the $175,755.47 must be reduced by the $93,240 that Maxima refuses to pay and the $900,000 for the marketing agreement. (Id. ¶ 13.)

Chet Mallory admits in his reply affidavit that Truckee agreed to pay $75,000 per month, but only to fund a separate company that the parties planned to form together. (Mallory Aff. ¶ 3.) However, according to Mallory, the parties never formed the company. (Id.) As a result, Mallory argues that Sierra is not entitled to a $900,000 offset. (Id.) Mallory also argues that, despite Sierra's claims of defective manufacturing, Sierra still accepted the machines, shipped them to Maxima, and accepted Maxima's payment. (Id. ¶ 4.) Therefore, Mallory claims that Sierra owes $286,201.92.

## II.

Under Fed. R. Civ. P. 64, a federal court applies the attachment law of the state in which it sits. California attachment law therefore applies to Truckee's motion. See Cal. Civ. Proc. Code § 482.010.

To obtain a Right to Attach Order under California law, the plaintiff has the burden to prove the probable validity of its

claim. Cal. Civ. Proc. Code § 484.090. A claim has "probable validity" where "it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." Cal. Civ. Proc. Code § 481.190. In making this determination, a court must review the evidence before it and "consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation." Loeb & Loeb v. Beverly Glen Music, Inc., 212 Cal.Rptr. 830, 837 (1985). The court must consider all affidavits in support of and in opposition to the motion. Id. The court may also receive and consider additional evidence at the hearing. Cal. Civ. Proc. Code § 484.090(d).

    Here, the Court must determine whether Truckee's claim against Sierra has "probable validity," which requires a finding that it is more likely than not that Truckee will prevail in its litigation. Truckee argues that Sierra has breached the terms of its contract by refusing to pay $286,201.92 as reflected in the invoices. Conversely, Sierra claims that it does not have a duty to pay $286,201.92 because: (1) Truckee miscalculated the balance owed on the parts; (2) Truckee has failed to pay Sierra $900,000 under the oral marketing agreement; and (3) Maxima refuses to pay Sierra $93,243.00 due to Truckee's manufacturing defects.

    A.   <u>Truckee's Alleged Miscalculation</u>

    The parties dispute the amount that Sierra owes Truckee for the parts. Truckee claims that Sierra owes it $286,201.92. To support this claim, Truckee provides twelve invoices for the

4

machine parts.  In contrast, Sierra claims that, at most, it owes $175,755.47 because it has paid $493,900 of the $669,655.47 that Truckee has invoiced it from the beginning of their relationship.  However, Sierra presents no documentation to support this claim.  In response to the Court's inquiry, counsel did not offer any additional evidence.  Given that Truckee submitted copies of its invoices to Sierra, it was incumbent on Sierra to reply with evidence of comparable reliability rather than mere assertion.  Therefore, the court finds that it is more likely than not that Truckee's calculations are correct.

   B.   The $900,000 Marketing Agreement

   The amount of money attached by a writ "must be reduced by . . . [a]ny claim asserted as a defense in the answer upon which a writ of attachment could issue."  Cal. Civ. Proc. Code § 483.015.  Sierra asserts in its answer that it orally contracted with Truckee to purchase only Truckee's machines and to market those machines to customers worldwide.  In exchange, Truckee allegedly agreed to pay $75,000 per month for a year.  Therefore, Sierra claims that it deserves an offset for $900,000.  However, Sierra provides little evidence to support a finding that such a contract exists.  Moreover, at the hearing, Sierra could not point to any additional evidence to support its claim.  Nor has Sierra offered any legal authority demonstrating the binding effect of apparently vague oral promises.  On this record, the court cannot find that the alleged oral marketing contract is enforceable.

C.  Maxima's $93,243.00 Balance

Sierra argues, "There has been a failure of consideration for the contracts . . . [because] the slot machines supplied by [Truckee] were defective and failed to perform as required or to meet the standard of the industry." (Opp'n at 4.)  To support this claim, Sierra has submitted letters it exchanged with Maxima demonstrating that Maxima refused to pay for Truckee's defective machines. (Opp'n Ex. A.)  Ultimately, Maxima agreed to pay $100,000 of the $193,243.00 invoice when Sierra threatened Maxima with a suit. (Opp'n Ex. C.)  Sierra claims that it is entitled to offset its debt to Truckee by $93,243.00 because it was Truckee's fault that Sierra could only collect $100,000 from Maxima. (Opp'n at 4.)  As opposed to Sierra's other contentions, this argument is supported by a record that suggests that it may be entitled to an offset from Truckee in the amount of $93,243.00.  The court will decrease the attachment sum from $286,201.92 to $192,961.92.

III.

For the above-stated reasons, the Court GRANTS plaintiff Truckee's Application for a Right to Attach Order and Writ of Attachment for the sum of $192,961.92.

IT IS SO ORDERED.

Dated: October 17, 2005.

/s/ David F. Levi
DAVID F. LEVI
United States District Judge

6